**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IVAN XAVIER BELL,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF STILLWATER, OKLAHOMA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-00293-JD |

# ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Suzanne Mitchell. [Doc. No. 21]. For the reasons outlined below, the Court accepts the R. & R. and dismisses Plaintiff's claims against Defendant Sheriff Joe Harper.

The Court referred this matter to Judge Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)–(C). [Doc. No. 3]. Harper filed a Motion to Dismiss ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. No. 12]. Plaintiff filed a Response [Doc. No. 17], and Harper filed a Reply [Doc. No. 20].

Upon consideration of the parties' submissions, the R. & R. recommends granting Harper's Motion and denying Plaintiff's request to file an amended complaint contained within his Response. [Doc. No. 21 at 10].[1] The R. & R. concluded that Plaintiff failed to make specific allegations to support his municipal liability claim. [*Id.* at 9–10].

[1] The Court uses the page numbering from the CM/ECF stamp at the top of the district court docket filing.

The R. & R. advised Plaintiff of his right to object to the R. & R. by filing an objection with the Clerk of Court by July 8, 2026, and explained that failure to timely object to the R. & R. waives appellate review of the recommended ruling. [*Id.* at 11 (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991))]. The Court then granted Plaintiff an extension of time to file an objection until July 24, 2026. [Doc. No. 24]. Plaintiff did not file an objection to the R. & R. or request an extension of time to do so.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore*, 950 F.2d at 659 ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

With no objection being filed, and upon review of the record, the Court accepts the R. & R. and dismisses Plaintiff's claims against Harper without prejudice. Alternatively, although the Court is not required to review the record and law de novo because Plaintiff has not timely objected, the Court has done so and determines it should adopt the R. & R. in full.

The Court therefore ACCEPTS the Report and Recommendation [Doc. No. 21] and DISMISSES Plaintiff's claims against Harper without prejudice. The Court also DENIES Plaintiff's request to amend his complaint contained in his Response because it does not comply with Federal Rule of Civil Procedure 15(a)(2) and Local Civil Rule 15.1. [*See* Doc. No. 17 at 26 n.5 ("Should the Court find that any aspects of Plaintiff's claims are insufficient, as currently pled, Plaintiff respectfully requests leave to file an Amended Complaint.")]. This matter remains referred to Judge Mitchell.

IT IS SO ORDERED this 22nd day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE