**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IVAN XAVIER BELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-293-JD** |
| | ) | |
| **CITY OF STILLWATER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

On September 22, 2026, United States District Judge Jodi W. Dishman adopted the Report and Recommendation filed on June 24, 2026, dismissed Plaintiff's claims against Defendant Joe Harper for failure to state a claim, and denied Plaintiff's request to amend his complaint because it did not comply with Fed. R. Civ. P. 15(a)(2) and LCvR15.1. Doc. 26.[1] Plaintiff moves to amend his complaint and has filed a proposed amended complaint. Doc. 23 & Ex. 1. Defendant Harper opposes the motion as futile. Doc. 25. The matter remains referred to the undersigned. Doc. 26, at 3; Doc. 3. The undersigned recommends the Court deny the motion to amend.

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Plaintiff's claims against Defendant Harper.

As the Court previously noted, Plaintiff spent nine days at the Payne County Jail and was immediately transported upon his release to the Oklahoma State University Medical Center in Tulsa in critical medical condition. *Compare* Doc. 21, at 2-3; *with* Doc. 23, Ex. 1, at 6-8. Plaintiff sues defendant Harper "purely in his official capacity as Payne County Sheriff[]" and argues that Harper "is . . . liable under a theory of a systemic failure of policies and procedures as described herein. Doc. 23, Ex. 1, at 1-2, 16. In his proposed amended complaint, Plaintiff alleges that, "[u]pon information and belief," he "was placed in a holding cell with no access to water[]" for the last three days of his detention, during which time "he begged Jail staff and Jail medical staff for food and water, but his pleas were ignored . . . . causing his health to starkly deteriorate." *Id.* at 6. Plaintiff alleges that "the Jail has no functioning medical delivery system," that "there was systemic failure of medical policies and procedures at the Jail[]" and "an established practice of failing to train staff[,]" and that "[o]n information and belief, the Sheriff's[] policies, practices, and customs, as described supra, have resulted in deaths or negative medical outcomes in numerous cases, in addition to Mr. Bell." *Id.* at 10-11; *see also id.* at 16-17. Plaintiff further alleges that "[t]here is an

affirmative causal link between the aforementioned customs, policies, and/or practices and Mr. Bell's injuries and damages as alleged herein." *Id.* at 11.

## II. Standard of review.

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (quoting *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007))).

## III. Plaintiff's amended complaint suffers from the same defects as his original complaint because Plaintiff relies on boilerplate allegations against Defendant Harper.

The Court has previously thoroughly explained the pleading requirements for an official-capacity claim based on official policies or customs. Doc. 21, at 5-10. Plaintiff's amended complaint again wholly fails to allege any specific acts and/or omissions of Jail staff, fails to provide any examples of other inmates who suffered emergent medical conditions or any other constitutionally deficient conditions of confinement, and fails to describe any customs, policies, and/or practices or to use anything other than conclusory boilerplate language to substantiate his allegations. *Compare* Doc. 21, at 7-10; *with* Doc. 23, Ex. 1, at 10-12, 16-17. Accordingly, Plaintiff has again failed to plead sufficient facts to support a claim against Defendant Harper for deficient policies or customs, and the Court should deny his motion to amend as futile.

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Plaintiff's motion to file an amended complaint because his proposed amended complaint is futile.

The undersigned advises the parties of the right to file an objection to this Report and Recommendation with the Clerk of this Court on or before

October 16, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 2nd day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE